(86 App. Div. 383.)

BURDICK v. BURDICK et al.

(Supreme Court, Appellate Division, Second Department. July 24, 1903.)

1. EVIDENCE—EXCLUSION—PREJUDICIAL ERROR.
    Where, in a suit to set aside a deed on the ground of fraud and undue influence, a lease of the property conveyed, executed by the grantor eight months after the deed, was admitted in evidence, it was prejudicial error to refuse to permit the grantee to testify as to her reasons for allowing the grantor to make the lease, notwithstanding his death, so far as they may have been disassociated with any personal transactions with him, inadmissible under Code Civ. Proc. § 829.

Appeal from Special Term, Kings County.

Action by Lafayette L. Burdick against Mary E. Burdick, impleaded with Laura V. Stickney. From a judgment for plaintiff, defendant Mary E. Burdick appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, HIRSCHBERG, and HOOKER, JJ.

A. F. Van Thun, Jr., for appellant.
Leonard J. Reynolds, for respondent.

HIRSCHBERG, J. The plaintiff has procured a judgment voiding a deed of real estate made by Winslow M. Burdick to the defendant Mary E. Burdick, on the ground that it was procured by fraud and undue influence. The decision of the learned trial justice was announced at the close of the evidence, and appears to have been greatly influenced, if not controlled, by the fact that eight months after the execution of the deed the grantor executed a lease of the premises, in the presence of the grantee. The court said, in substance, that the grantee should have known that it was her duty to execute the lease, and that her act in permitting it to be executed by the grantor was in consonance with the plaintiff's claim that the grantor was under the impression that he still had control of the property. When the lease was offered in evidence it was received, and properly received, notwithstanding the objection that it was subsequent to the deed, the court saying:

"That is one of the features that makes it very material in this case. Your client was present when it was executed. The question arises, why

did she allow Mr. Burdick to make a lease of the premises if she had owned those premises for eight months?"

The grantee was afterwards called as a witness in her own behalf. The grantor had died before the commencement of the action, and the following colloquy was held between the court and counsel in reference to her competency to testify:

"The Court: The witness is incompetent to testify to any transaction with the deceased. Mr. Van Thun: This lease has been offered in evidence. The Court: Does that make her any more competent? Mr. Van Thun: I think it makes her competent to explain it. The Court: I am compelled to disagree with you. She cannot testify to any conversation or transaction with the deceased. Mr. Van Thun: To explain the making of this lease and— The Court: You have my ruling, and you have an exception. It is a direct violation of the provisions of law."

I think this was intended to be understood, and was understood, as a ruling to the effect that the witness was incompetent to testify to anything tending to explain why she permitted the deceased to execute the lease without interference or protest, and was broad enough to exclude any motive or intent which did not involve direct proof of conversations or transactions with him. The arguments of counsel indicate that it was so understood by both parties to the controversy. To this extent the ruling was clearly erroneous. The basis of the action is the alleged fraudulent purpose of the grantee in procuring the deed, to a belief in which purpose the circumstance under consideration furnished manifest plausibility, and notwithstanding the decease of the grantor she was entitled to testify to her reasons for allowing him to make the lease, certainly in so far as they may have been wholly disassociated from any actual personal transaction. In view of the importance properly attached by the trial court to the acquiescence of the grantee in the action of the grantor in leasing the property as though he was still the owner, it cannot be said that the exclusion of such explanation as she might lawfully have given without expressly or directly violating the provisions of section 829 of the Code of Civil Procedure has not prejudicially affected the result, and a new trial is therefore necessary.

The judgment should be reversed.

Judgment reversed, and new trial granted, costs to abide the final award of costs. All concur.